# EXHIBIT A

**SUMMONS**

BOONE COUNTY
CIRCUIT CLERK
SUE ANN ZICKEFOOSE

2019 MAY -9  PM 1: 35

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

RECEIVED

SUMMER MCKINLEY STOGSDILL,

    Plaintiff,

v.                                      Civil Action No.: _19 - C - 58_

JAMES SPEARS,
KEN'S TOWING & SERVICE, LLC.,

    Defendants.

SERVE:    Ken's Towing & Service, LLC.

SERVE VIA SECRETRY OF STATE:
        Agent of Process:    Kenneth W. Childers
                           263 Winston Drive
                           Pikeville, Kentucky 41501

      **IN THE STATE OF WEST VIRGINIA** you are hereby summoned and required to serve upon **Joshua Ferrell,** Attorney whose address is **Post Office Box 401; 160 East Second Avenue; Williamson, West Virginia 25661,** an answer including any related counterclaim you may have to the complaint filed against you. You are required to serve your answer **Thirty (30) days** after service of this summons upon you exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting, in another action against you, any claim you may have which must be asserted by counterclaim in the above styled civil action.

Date: _May 9, 2019_

                                           _Sue Ann Zickefoose_

                                        CLERK OF THE COURT

                                        _Mary Mitchell_

                                        Deputy Clerk



**SUMMONS**

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

    Plaintiff,

v.                               Civil Action No. 19-C-58

JAMES SPEARS,
KEN'S TOWING & SERVICE, LLC.,

    Defendants.

SERVE:  JAMES SPEARS

SERVE VIA SECRETRY OF STATE:
          5080 Toler Creek Road
          Harold, Kentucky 41635


       IN THE STATE OF WEST VIRGINIA you are hereby summoned and required to serve upon **Joshua Ferrell,** Attorney whose address is **Post Office Box 401; 160 East Second Avenue; Williamson, West Virginia 25661,** an answer including any related counterclaim you may have to the complaint filed against you. You are required to serve your answer **Thirty (30) days** after service of this summons upon you exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting, in another action against you, any claim you may have which must be asserted by counterclaim in the above styled civil action.

Date: _May 9, 2019_

                                  _Sue Ann Zickefoose_

                                 CLERK OF THE COURT

                                  _Mary Mitchell_

                                (Deputy Clerk

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

     **Plaintiff,**

v.                                                                          **Civil Action No.** 19-C-58

**JAMES SPEARS and**
**KEN'S TOWING & SERVICE, LLC.,**

     **Defendant.**

---

## COMPLAINT

COMES NOW the Plaintiff – Summer McKinley Stogsdill - by and through counsel, Joshua S. Ferrell, of Ferrell & Brown, PLLC, and files her Complaint against the Defendants for damages, and for her cause of action state and aver as follows, to wit:

1. That the Plaintiff, Summer McKinley Stogsdill, resides in Julian, Boone County, West Virginia.

2. That the Defendant, James Spears, is a citizen and resident of the Commonwealth of Kentucky residing at 5080 Toler Creek Road; Harold, Pike County, Kentucky.

3. That the Defendant, Ken's Towing & Service, LLC, is a Kentucky Limited Liability Company. Its principal office address is located in Pikeville, Kentucky. Under the Kentucky Secretary of State's filing information the corporate defendant's address for service of process is 263 Winston Drive; Pikeville, Kentucky, and its Registered Agent is Kenneth W. Childers.

4. That the motor vehicle collision underlying this lawsuit occurred on or about December 1, 2015, in Boone County, West Virginia.

5. That at the time of the collision, the Plaintiff was a minor and has since reached the age of majority. Plaintiff was born on July 22, 2000 and, thus, reached the age of majority on July 22, 2018. Therefore, this claim is still timely.

6. Venue and jurisdiction is proper with this Court as the relevant collision occurred in Boone County, West Virginia.

7. That on the aforementioned date, Plaintiffs were proceeding in a safe, proper, and cautious manner on U.S. 119, in Boone County, West Virginia.

8. Suddenly and without warning, the vehicle occupied by the Plaintiff was impacted on the rear by the vehicle operated by Defendant, James Spears.

9. Due to the suddenness and location of Defendant Spears's actions, the Plaintiff's vehicle was unable to avoid the collision.

10. The Plaintiff avers that owing to the wrongful and negligent operation of the vehicle of Defendant Carnes and the resulting collision, the Plaintiff was caused to be thrown about thereby causing the Plaintiff to sustain severe, disabling, and permanent injury as more fully described hereinafter.

11. The Plaintiffs allege that the aforesaid occurrence was directly caused by the proximate negligence of the Defendants and that Defendant Spears is guilty in the operation of his vehicle for the following specific acts of negligence:

    a. Failure to keep proper lookout ahead.

    b. Failure to exercise due care.

    c. Reckless/careless driving.

    d. Failure to have the vehicle under proper control.

    e. Inattentive driving.

      f.  Speeding.

12. The Plaintiff further asserts that Defendant Spears is guilty in the operation of the aforesaid vehicle of the violation of a certain valid and subsisting statute of State of West Virginia, the violation of which constitutes negligence per se.

13. The Plaintiff avers that the aforesaid acts of common law and statutory negligence constitute the sole proximate cause of the occurrence described hereinbefore and of the injuries and damages suffered as a result.

14. Further, Plaintiff avers that the Defendant Spears's actions and recklessness constitute willful, wanton, and reckless disregard for the safety of others constituting gross negligence.

15. Plaintiff suffered injuries to her head and various other parts of her body, which resulted in severe and prolonged pain, suffering, and discomfort, including mental anguish, aggravation, and inconvenience, requiring her to seek medical care and treatment from medical professionals.

16. The Plaintiff avers, moreover, on account of which they reasonably believe to be permanent nature of her injuries, she has and will continue to suffer in body and in mind as a result thereof, and, likewise, will continue to be required to remain under the care of physicians and incur substantial medical expense by reason thereof.

17. Plaintiff would show that as a result of the severe, painful, and permanent nature of certain of her injuries she has and will continue to suffer a reduction in productive capacity.

18. The Plaintiff would also show that she has sustained a reduction in the quality of and the ability to enjoy her life.

3

19. Therefore, as a direct and proximate result of said negligence of the Defendants, as aforesaid, Plaintiff has suffered severe and permanent injuries to her person, all of which injuries are severe and permanent in nature. The Plaintiff has suffered and will continue to suffer damages, including but not limited to, the following:

    a.  An undetermined amount of medical expenses past, present, and future.

    b.  Mental and physical pain and suffering, past, present, and future.

    c.  Aggravation and inconvenience.

    d.  Lost wages, benefits, and earnings.

    e.  Reduction in productive capacity.

    f.  Permanent and serious injuries to various parts of the body.

    g.  Impairment in their ability to enjoy their family and life in general.

    h.  Punitive damages.

20. The Plaintiff avers that Defendant Spears was driving with the permission of Defendant Ken's Towing & Service, LLC, which said vehicle was kept and maintained by the Defendant for the use and benefit of the corporate company.

21. Additionally and alternatively, the Plaintiffs aver that Defendant Spears was operating the vehicle of the Defendant, Ken's Towing & Service, LLC., with its permission for its use and benefit upon their business as an employee/servant/agent, under the Doctrine of Respondeat Superior.

22. Additionally and alternatively, the Plaintiffs aver the corporate Defendant was negligent in its entrustment of said vehicle to Defendant Spears.

23. The Plaintiffs also rely upon any and all statutory presumptions of agency relating to the operation of motor vehicles.

24. Furthermore, the Plaintiffs aver that the Defendant, Ken's Towing & Service, LLC., was negligent in its hiring, training, and supervision of Defendant Spears.

25. The Plaintiff contends that all of her losses and damages as set forth herein are the direct, proximate, and sole result of the negligence of the Defendant and that the Plaintiff is without fault for this collision.

Wherefore, Plaintiff demands judgment against Defendants in an amount that will reasonably compensate her for her injuries and damages, court costs, and prejudgment interest. The Plaintiff additionally sues the Defendants for discretionary costs and such other damages and relief to which they may be deemed entitled and is determined to be just and equitable.

**THE PLAINTIFFS DEMANDS A JURY TRIAL.**

Respectfully submitted this the 7ᵗʰ day of May 2019.

Plaintiffs, Summer McKinley Stogsdill,
By Ferrell & Brown, PLLC:

Joshua S. Ferrell (Ky Bar. Id.: 95277)
Ferrell & Brown, PLLC
160 E. 2ⁿᵈ Ave.
Post Office Box 401
Williamson, West Virginia 25661
304.235.5674 (telephone)
304.235.5675 (facsimile)

5

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

          Plaintiff,

v.                                                      Civil Action No.: 19-C-58

JAMES SPEARS,
KEN'S TOWING & SERVICE, LLC.

          Defendants.

---

### NOTICE OF UNDERINSURED MOTORIST CLAIM BY THE PLAINTIFF

**TO:**          **State Farm Mutual Insurance Company**
                 **Policy No.: 081-5638-F-48A**
                 **Claim No.: 48-0156-529**

**Agent Of Process:**   **Corporation Service Company**
                        **209 West Washington Streeet**
                        **Charleston, WV 25302**

Please be advised that on December 1, 2015, in Boone County, West Virginia, the above-named individual, Summer McKinley Stogsdill was injured when the vehicle she was in was struck in the rear by a vehicle owned by Ken's Towing & Service, LLC, and operated by James Spears. The Plaintiff has filed a civil action against the above-named defendant, a copy of which is attached hereto. In that regard, it appears that there may not be sufficient insurance available to compensate the Plaintiff for her injuries. Therefore, the Plaintiff is making an uninsured and/or underinsured motorist claim against the policy referenced above.

Please take notice that State Farm Mutual Insurance Company, a company licensed to do business in the State of West Virginia may participate in the action if desired.

                              Summer McKinley Stogsdill,
                              By Ferrell & Brown, PLLC:


                              Joshua S. Ferrell (WV Sate Bar No.: 11607)
                              Ferrell & Brown, PLLC
                              160 E. 2nd Ave.
                              Williamson, West Virginia 25661
                              304.235.5674 (telephone)
                              304.235.5675 (facsimile)

BOONE COUNTY

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

2019 MAY -9  FM  1: 35

**Plaintiff,**

RECEIVED

v.                                                        Civil Action No. _19-C-58_

JAMES SPEARS and
KEN'S TOWING & SERVICE, LLC.,

Defendant.

---

## COMPLAINT

COMES NOW the Plaintiff — Summer McKinley Stogsdill - by and through counsel, Joshua S. Ferrell, of Ferrell & Brown, PLLC, and files her Complaint against the Defendants for damages, and for her cause of action state and aver as follows, to wit:

1. That the Plaintiff, Summer McKinley Stogsdill, resides in Julian, Boone County, West Virginia.

2. That the Defendant, James Spears, is a citizen and resident of the Commonwealth of Kentucky residing at 5080 Toler Creek Road; Harold, Pike County, Kentucky.

3. That the Defendant, Ken's Towing & Service, LLC, is a Kentucky Limited Liability Company. Its principal office address is located in Pikeville, Kentucky. Under the Kentucky Secretary of State's filing information the corporate defendant's address for service of process is 263 Winston Drive; Pikeville, Kentucky, and its Registered Agent is Kenneth W. Childers.

4. That the motor vehicle collision underlying this lawsuit occurred on or about December 1, 2015, in Boone County, West Virginia.

1

5. That at the time of the collision, the Plaintiff was a minor and has since reached the age of majority. Plaintiff was born on July 22, 2000 and, thus, reached the age of majority on July 22, 2018. Therefore, this claim is still timely.

6. Venue and jurisdiction is proper with this Court as the relevant collision occurred in Boone County, West Virginia.

7. That on the aforementioned date, Plaintiffs were proceeding in a safe, proper, and cautious manner on U.S. 119, in Boone County, West Virginia.

8. Suddenly and without warning, the vehicle occupied by the Plaintiff was impacted on the rear by the vehicle operated by Defendant, James Spears.

9. Due to the suddenness and location of Defendant Spears's actions, the Plaintiff's vehicle was unable to avoid the collision.

10. The Plaintiff avers that owing to the wrongful and negligent operation of the vehicle of Defendant Carnes and the resulting collision, the Plaintiff was caused to be thrown about thereby causing the Plaintiff to sustain severe, disabling, and permanent injury as more fully described hereinafter.

11. The Plaintiffs allege that the aforesaid occurrence was directly caused by the proximate negligence of the Defendants and that Defendant Spears is guilty in the operation of his vehicle for the following specific acts of negligence:

   a. Failure to keep proper lookout ahead.

   b. Failure to exercise due care.

   c. Reckless/careless driving.

   d. Failure to have the vehicle under proper control.

   e. Inattentive driving.

2.

      f.  Speeding;

12. The Plaintiff further asserts that Defendant Spears is guilty in the operation of the aforesaid vehicle of the violation of a certain valid and subsisting statute of State of West Virginia, the violation of which constitutes negligence per se.

13. The Plaintiff avers that the aforesaid acts of common law and statutory negligence constitute the sole proximate cause of the occurrence described hereinbefore and of the injuries and damages suffered as a result.

14. Further, Plaintiff avers that the Defendant Spears's actions and recklessness constitute willful, wanton, and reckless disregard for the safety of others constituting gross negligence.

15. Plaintiff suffered injuries to her head and various other parts of her body, which resulted in severe and prolonged pain, suffering, and discomfort, including mental anguish, aggravation, and inconvenience, requiring her to seek medical care and treatment from medical professionals.

16. The Plaintiff avers, moreover, on account of which they reasonably believe to be permanent nature of her injuries, she has and will continue to suffer in body and in mind as a result thereof, and, likewise, will continue to be required to remain under the care of physicians and incur substantial medical expense by reason thereof.

17. Plaintiff would show that as a result of the severe, painful, and permanent nature of certain of her injuries she has and will continue to suffer a reduction in productive capacity.

18. The Plaintiff would also show that she has sustained a reduction in the quality of and the ability to enjoy her life.

3

19. Therefore, as a direct and proximate result of said negligence of the Defendants, as aforesaid, Plaintiff has suffered severe and permanent injuries to her person, all of which injuries are severe and permanent in nature. The Plaintiff has suffered and will continue to suffer damages, including but not limited to, the following:

    a. An undetermined amount of medical expenses past, present, and future.

    b. Mental and physical pain and suffering, past, present, and future.

    c. Aggravation and inconvenience.

    d. Lost wages, benefits, and earnings.

    e. Reduction in productive capacity.

    f. Permanent and serious injuries to various parts of the body.

    g. Impairment in their ability to enjoy their family and life in general.

    h. Punitive damages.

20. The Plaintiff avers that Defendant Spears was driving with the permission of Defendant Ken's Towing & Service, LLC, which said vehicle was kept and maintained by the Defendant for the use and benefit of the corporate company.

21. Additionally and alternatively, the Plaintiffs aver that Defendant Spears was operating the vehicle of the Defendant, Ken's Towing & Service, LLC., with its permission for its use and benefit upon their business as an employee/servant/agent, under the Doctrine of Respondeat Superior.

22. Additionally and alternatively, the Plaintiffs aver the corporate Defendant was negligent in its entrustment of said vehicle to Defendant Spears.

23. The Plaintiffs also rely upon any and all statutory presumptions of agency relating to the operation of motor vehicles.

4

24. Furthermore, the Plaintiffs aver that the Defendant, Ken's Towing & Service, LLC., was negligent in its hiring, training, and supervision of Defendant Spears.

25. The Plaintiff contends that all of her losses and damages as set forth herein are the direct, proximate, and sole result of the negligence of the Defendant and that the Plaintiff is without fault for this collision.

Wherefore, Plaintiff demands judgment against Defendants in an amount that will reasonably compensate her for her injuries and damages, court costs, and prejudgment interest. The Plaintiff additionally sues the Defendants for discretionary costs and such other damages and relief to which they may be deemed entitled and is determined to be just and equitable.

**THE PLAINTIFFS DEMANDS A JURY TRIAL.**

Respectfully submitted this the 7th day of May 2019.

Plaintiffs, Summer McKinley Stogsdill,
By Ferrell & Brown, PLLC:

Joshua S. Ferrell (Ky Bar. Id.: 95277)
Ferrell & Brown, PLLC
160 E. 2nd Ave.
Post Office Box 401
Williamson, West Virginia 25661
304.235.5674 (telephone)
304.235.5675 (facsimile)

5



# FERRELL & BROWN, PLLC
## ATTORNEYS AT LAW

Joshua S. Ferrell, Esquire - WV, KY, VA & TN                    Nathan D. Brown, Esquire, MBA - WV & KY

May 21, 2019

**VIA U.S. MAIL**
Boone County Circuit Court Clerk
Attn: Sue Ann Zickefoose
200 State Street
Madison, WV 25130

Re: Summer McKinley Stogsdill v James Spears & Ken's Towing & Service, LLC
Civil Action No.: 19-C-58

Ms. Zickefoose:

Enclosed please find the *Notice of Underinsured Motorist Claim By The Plaintiff* and a copy of the *Complaint*. Please cause the same to be filed in the above referenced matter and to be served by the West Virginia Secretary of State. I have enclosed a check in the amount of Twenty Dollars ($20.00) the required fee. Additionally, I have enclosed a copy of the aforementioned Notice and request it be acknowledged with the time and date of filing and returned to me in the enclosed envelope.

Should you have any questions, please do not hesitate to contact this office.

With Best Regards,

Tracie Meadows,
Office Manager

Enclosure as stated.

# EXHIBIT B

CASE 19-C-58          BOONE                                          PAGE   1

SUMNER MCKINLEY STOGSDILL          vs. JAMES SPEARS, ET AL

LINE   DATE    ACTION

  1  05/05/19   CIVIL CASE INFORMATION STATEMENT.
  2             COMPLAINT.
  3             PLNTFS' 1ST SET OF INTERROGATORIES, REQUESTS FOR PROD OF DOCS,
  4             & REQUESTS FOR ADMISSION TO DEF JAMES SPEARS
  5             PLNTFS'-1ST SET OF INTERROGATORIES, REQUESTS FOR PROD OF DOCS,
  6             & REQUESTS FOR ADMISSION TO DEF KEN'S TOWING & SVC, LLC.
  7             SUMMONS.
  8             MAILED TO WVSOS FOR SERVICE ON BOTH DEFS.
  9  05/20/19   RTN OF SVC OF SUMMONS, COMPLAINT, REQUEST FOR ADMISSIONS, RE-
 10             QUEST FOR PROD, & INTERROGATORIES SVD ON JAMES SPEARS BY WVSOS
 11             ON 05-14-19.
 12             RTN OF SVC OF SUMMONS, COMPLAINT, REQUEST FOR ADMISSIONS, RE-
 13             QUEST FOR PROD, & INTERROGATORIES SVD ON KEN'S TOWING & SVC,
 14             LLC BY WVSOS ON 05-14-19.
 15  05/23/19   NOTICE OF UNDERINSURED MOTORIST CLAIM BY THE PLNTF. COMPLAINT.
 16             MAILED TO WVSOS FOR SVC ON STATE FARM MUTUAL INS CO.

# EXHIBIT C

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

BOONE COUNTY
CIRCUIT CLERK
SUE ANN ZICKEFOOSE

2019 MAY 22  PM 1: 49

RECEIVED



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Sue Ann Zickefoose
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

**Control Number:** 238528

**Defendant:** KEN'S TOWING & SERVICE, LLC
263 WINSTON DRIVE
PIKEVILLE, KY 41501 US

**Agent:** KENNETH W. CHILDERS

**County:** Boone

**Civil Action:** 19-C-58

**Certified Number:** 92148901125134100002516441

**Service Date:** 5/14/2019

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

RETURN

BOONE COUNTY
CIRCUIT CLERK
SUE ANN ZICKEFOOSE

2019 MAY -9 PM 1: 35

RECEIVED

**SUMMONS**

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

    Plaintiff,

v.                               Civil Action No.: 19-C-58

JAMES SPEARS,
KEN'S TOWING & SERVICE, LLC.,

    Defendants.

SERVE:    Ken's Towing & Service, LLC.

SERVE VIA SECRETRY OF STATE:
    Agent of Process:    Kenneth W. Childers
                        263 Winston Drive
                        Pikeville, Kentucky 41501

SECRETARY OF STATE
STATE OF WEST VIRGINIA
2019 MAY 14 P 4 33
ACCEPTED FOR SERVICE OF PROCESS

        **IN THE STATE OF WEST VIRGINIA** you are hereby summoned and required to serve upon **Joshua Ferrell,** Attorney whose address is **Post Office Box 401; 160 East Second Avenue; Williamson, West Virginia 25661,** an answer including any related counterclaim you may have to the complaint filed against you. You are required to serve your answer **Thirty (30) days after** service of this summons upon you exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting, in another action against you, any claim you may have which must be asserted by counterclaim in the above styled civil action.

Date: May 9, 2019

                                        Sue Ann Zickefoose

                                      CLERK OF THE COURT

                                      Mary Mitchell

                                      Deputy Clerk

Office of the Secretary of State
Building 1 Suite 157-K.
1900 Kanawha Blvd E,
Charleston, WV 25305

BOONE COUNTY
CLERK CLERK
SUE ANN...... ROSE

2019 MAY 22   AM 11: 49

RECEIVED



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Sue Ann Zickefoose
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

**Control Number:** 238523

**Defendant:** JAMES SPEARS
5080 TOLER CREEK ROAD
HAROLD, KY 41635 US

**County:** Boone

**Civil Action:** 19-C-58

**Certified Number:** 92148901125134100002516434

**Service Date:** 5/14/2019

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

**RETURN**

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

   Plaintiff,

v.                                                                                          Civil Action No. 19-C-58

JAMES SPEARS,
KEN'S TOWING & SERVICE, LLC.,

   Defendants.


SERVE: JAMES SPEARS

SERVE VIA SECRETRY OF STATE:
          5080 Toler Creek Road
          Harold, Kentucky 41635


   **IN THE STATE OF WEST VIRGINIA** you are hereby summoned and required to serve upon **Joshua Ferrell,** Attorney whose address is **Post Office Box 401; 160 East Second Avenue; Williamson, West Virginia 25661,** an answer including any related counterclaim you may have to the complaint filed against you. You are required to serve your answer **Thirty (30) days** after service of this summons upon you exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting, in another action against you, any claim you may have which must be asserted by counterclaim in the above styled civil action.

Date: _May 9, 2019_

_Sue Ann Zickefoose_
CLERK OF THE COURT

_Mary Mitchell_
(Deputy Clerk)

# EXHIBIT D

BOONE COUNTY

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

SUMMER MCKINLEY STOGSDILL,

       Plaintiff,

RECEIVED

v.                                 Civil Action No. _19-C-58_

JAMES SPEARS and
KEN'S TOWING & SERVICE, LLC.,

       Defendant.

---

## PLAINTIFFS FIRST SET OF
## INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSION
## TO KEN'S TOWING & SERVICE, LLC

---

Comes now the Plaintiffs, by and through counsel, Joshua S. Ferrell, of Ferrell & Brown, PLLC, and serves Plaintiffs' First Set Of Interrogatories, Requests For Production of Documents, and Requests for Admission to Defendant Ken's Towing & Service, LLC. Pursuant to Rules 33, 34, and 36 of the West Virginia Rules of Civil Procedure, you are required to answer the following interrogatories separately and fully, in writing and under oath, and to produce the requested documents and to serve your answers upon the undersigned, all within thirty (30) days after service of these interrogatories upon you.

Plaintiffs further request that the Defendants respond to this Motion to Produce and provide said documents within thirty (30) days of service of this request upon you. Please note that all to be produced are to be produced at the offices of Plaintiff's counsel at 160 E. 2nd Avenue; Williamson, West Virginia 25661.

As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original, if available, or a true copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memoranda report or minutes of a meeting or conversation), e-mail,

invoice, bills, order form, receipt, financial statement, accounting entry, diary, deposition, trial transcript, legal pleadings, calendar, telegram, cable report, record, contract, agreement, study, handwritten note, draft working paper, chart paper, print, laboratory records, drawings, sketches, graphs, index, list, tape, photograph, microfilm, data sheet, data processing card, plan, specification list, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody and/or control.

Under the provisions of Rules 26 and 36 of the West Virginia Rules of Civil Procedure, you are hereby required to admit or deny the following Request for Admission, under oath, and to serve your response on the undersigned within thirty (30) days after service upon you. This request is continuing in nature and requires supplemental or additional answers as required by Rule 26(e) of the West Virginia Rules of Civil Procedure.

For any request denied, you are hereby specifically requested to state in detail all reasons and authority for such denial.

Please observe the following conditions that attach to these interrogatories:

a.  These interrogatories are continuing in character, so as to require you to file supplementary answers if further information is obtained;

b.  Where the name or identity of a person is requested, state the full name, home and business address;

c.  Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrence complained of in the pleadings in this case; and

d.  Where knowledge, information or possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, attorneys.

e.     "Action" or "Complaint" or "Case" or "Incident" refers to the instant civil action that is the subject of this litigation and any facts or allegations contained within the Complaint.

## INTERROGATORIES

1.  Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER:**

2.  Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER:**

3.  Please state the name and address of the owner of vehicle operated by James Spears that was involved in the incident described in the Plaintiffs' Complaint.

**ANSWER:**

4.  Please state whether James Spears was employed by Ken's Towing & Service, LLC., or another entity listed in Defendant's answer to Interrogatory Two (2), on the date of collision. If so, describe his position and when he began working for Ken's Towing & Service, LLC. and any subsequent positions.

**ANSWER:**

5. If James Spears was not acting within the scope of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address, and employer of each and every person who has knowledge of such information.

**ANSWER:**

6. Immediately following the collision detailed in Plaintiffs' Complaint, please state:

    a. The person at Ken's Towing & Service, LLC, who was first notified of the incident.

    b. The date and time said person was notified.

    c. Whether anyone at Ken's Towing & Service, LLC., created a written record of the accident, and if so, whom.

    d. Is this record kept in any Vehicle Investigation File or its equivalent?

    e. Is this record kept in the ordinary course of business?

**ANSWER:**

7. Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

**ANSWER:**

8. Has Ken's Towing & Service, LLC, or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so,

please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER:**

9. At the time of the incident in question, list any insurance, excess insurance, "umbrella" coverage, general liability insurance, and other insurance in effect for Hills Trucking Company, Inc.

**ANSWER:**

10. Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**ANSWER:**

11. Please identify all persons known to you to have knowledge of the allegations asserted in the pleadings filed in this action. For each person identified, please provide the person's full name, address, telephone number, job title, and a brief summary of his or her knowledge.

**ANSWER:**

12. Please identify each and every rule, regulation, statute, or other authority upon which you and/or your attorney rely on in asserting that the plaintiff and/or any other person or entity

is somehow at fault for the collision, and not the defendant, which is the subject of the complaint filed in this action.

**ANSWER:**

13. Identify any nonparty who you claim is or may be liable to the claimant in whole or part for the damages claimed.

**ANSWER:**

14. Other than the incident at issue, please list all other incidents involving alleged personal injury in which the James Spears, has been involved, either as an operator or passenger.

**ANSWER:**

15. Did James Spears complete an application for employment or any paperwork prior to employment? If so, identify and produce all completed paperwork.

**ANSWER:**

16. Was a background check completed of James Spears? If so, identify any negative results of said background check.

**ANSWER:**

17. What maintenance had been performed on the subject vehicle for the six (6) months prior to the collision. For each such maintenance, please list the following:

    a. What prompted the maintenance visit;

    b.  Who performed the maintenance;

    c.  Who diagnosed the necessity for maintenance;

    d.  What diagnosis was rendered;

    e.  When were the repairs performed;

    f.  What, if any, parts were replaced; and,

    g.  Did the problem reoccur? If so, when?

**ANSWER:**

18. Who at Ken's Towing & Service, LLC., verifies whether James Spears or any employee driver was in compliance with state and federal safety regulations?

**ANSWER:**

19. Describe all training that Ken's Towing & Service, LLC, provides or requires for its drivers/operators.

**ANSWER:**

20. At the time of this incident, was the vehicle equipped with a satellite communication device or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by another company?

**ANSWER:**

21. Describe and explain in detail the method of calculating James Spears's pay, compensation, wages, salary, bonus, or commission at the time of the collision and for one (1) year prior.

ANSWER:

22. Describe the purpose of James Spears's operation of your vehicle on the date referenced in Plaintiff's Complaint, his number of stops, where he stopped, and the load at the time of the crash.

ANSWER:

## Requests For Production Of Documents

1. Please produce a download copy of the EDR ("black box") data from the vehicle Defendant Spears was operating that was involved in the subject collision from the date referenced in the Complaint

RESPONSE:


2. Please produce a copy of all documents you relied upon in answering the preceding interrogatories.

RESPONSE:


3. Please produce a copy of any and all documents that support any claim or contention that you were not at fault for the collision referenced in the complaint.

RESPONSE:


4. Please produce a copy of any written or tape-recorded statements, not previously produced, that you or the plaintiff or any other witness has given to any person or entity, other than your attorney, related, in any way, to the collision referenced in the complaint.

RESPONSE:

5. Please produce a copy of any and all reports, written or recorded statements, recordings, memoranda, or testimony, whether signed or not, of any witness or person believed or understood by you to have knowledge of any of the matters which are the subject of this action.

**RESPONSE:**

6. Please produce a copy of all photographs, slides, motion pictures, diagrams, maps, schematics, models, other illustrative representations, not previously produced, pertaining, in any way, to the parties, the scene, and/or the instrumentalities and/or physical objects, involved in the collision referenced in the complaint.

**RESPONSE:**

7. Please produce a copy of all reports, not previously produced, generated as a result of any inspection, examination, or investigation by you, or persons acting on your behalf, of the collision referenced in the complaint.

**RESPONSE:**

8. Please produce a copy of the results of any and all drug and/or alcohol tests that were administered to James Spears following the collision.

**RESPONSE:**

9. If you have ever been a party to any type of lawsuit or settled a claim relating to a motor vehicle accident prior to a lawsuit being filed, please produce a copy of any and all documents pertaining to such claim or lawsuit, including a copy of the complaint, if applicable.

**RESPONSE:**

10. Please produce a copy of all notes, memoranda, letters, e-mails, and writings of any kind or nature, which pertain in any way to the collision at issue in this action, which have not been previously produced.

**RESPONSE:**

11. Please produce a copy of all reservation of rights letters received by you related, in any way, to the claims asserted against you in this action.

**RESPONSE:**

12. Please produce a copy of all insurance policies applicable to the claims asserted against you in this action, including, but not limited to, any excess or umbrella policies.

**RESPONSE:**

13. Please produce a copy of all notes, memoranda, letters, e-mails, and writings of any kind or nature between you and your insurance carrier or between your insurance carrier and you related to the claims asserted in this action.

**RESPONSE:**

14. Please produce copies of any exhibit you intend to use a trial.

**RESPONSE:**

15. Produce copies of all correspondence, e-mail, documents, photographs, video tape recordings, audio recordings, compact disc, DVDs, drawings, reports, or any other document or tangible evidence provided by defendant or defendant's counsel to any and all of defendant's expert witnesses.

**RESPONSE:**

16. Produce copies of all correspondence, e-mail, documents, photographs, video tape recordings, audio recordings, compact disc, DVDs, drawings, reports, or any other document or tangible evidence provided by any and all of defendant's experts to defendant or defendant's counsel.

**RESPONSE:**

17. Please produce all drawings, photographs, diagrams or any other documents that relate to the scene of the accident.

**RESPONSE:**

18. Please produce a privilege log for any documents responsive to the above discovery request that you are withholding based upon any claim of privilege.

**RESPONSE:**

### Requests For Admission

1. Admit that James Spears was negligent in causing the collision with the Plaintiff's vehicle. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE:**

2. Admit that at the time referenced in the Complaint, James Spears was acting in the scope and course of his employment with Ken's Towing & Service, LLC. when the collision occurred. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE:**

3. Admit that James Spears was authorized and permitted by Ken's Towing & Service, LLC. to operate the vehicle involved in the collision. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE:**

4. Admit that Plaintiff was not negligent in the collision referenced in the Complaint. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

RESPONSE:


5. Admit that James Spears had a duty to keep a proper lookout while operating the relevant motor vehicle. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

RESPONSE:


6. Admit that James Spears had a duty to always maintain control of his vehicle. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

RESPONSE:


7. Admit that the greater the risk of harm, the greater care one must use when operating a motor vehicle (for example: if it is snowing, one would need to use greater care than if the road was clear and dry; one needs to use greater care on curvy roads than roads that are

straight without curves; one needs to use more care when traveling 65 mph, than when traveling 15 mph). If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE:**

8. Admit that, if one does not keep a proper lookout and causes harm to another, he/she is responsible for full and fair damage for the harms and losses that result from such failure. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE:**

9. Admit that, if one does not maintain control of his/her vehicle and causes harm to another, he/she is responsible for full and fair damage for the harms and losses that result from such failure. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE:**

10. Admit that the value of this case exceeds Seventy-Five Thousand Dollars ($75,000.00). If, however, the response to this request is anything other than unequivocal admission, provide documentation that supports denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

RESPONSE:


11. Admit that every person who participated in the preparation of the answers and responses to the preceding interrogatories, requests for production, and requests for admission made a thorough and complete search of all applicable records prior to answering each and every one of the interrogatories, requests for production, and requests for admissions. If, however, the response to this request is anything other than unequivocal admission, provide documentation that supports denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

RESPONSE:


Respectfully submitted,

Joshua S. Ferrell (KY Bar No.: 95277)
Ferrell & Brown, PLLC
160 E. 2nd Ave.
Williamson, West Virginia 25661
304-235-5674 (p)
304-235-5675 (f)