IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SUMMER MCKINLEY STOGSDILL,

          Plaintiff,

v.                                                  CIVIL ACTION NO. 2:19-cv-00440

JAMES SPEARS, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand. (ECF No. 3.) For the reasons discussed below, the motion is **DENIED**.

## I.    BACKGROUND

This action arises out of a motor vehicle accident occurring on U.S. Route 119 in Boone County, West Virginia. (ECF No. 1-1 at 5 ¶ 7.) The Complaint filed in state court and attached to Defendants' Notice of Removal alleges that on December 1, 2015, Plaintiff Summer Stogsdill ("Plaintiff") was impacted by a vehicle operated by Defendant James Spears for the benefit of Defendant Ken's Towing & Service, LLC (collectively, "Defendants"). (*Id.* at 4 ¶ 4, 5 ¶ 8, 7 ¶¶ 20–21.) Plaintiff alleges that due to Defendants' negligence she has sustained "severe and permanent injuries" and will continue to suffer damages, including, but not limited to, medical expenses, mental and physical pain and suffering, aggravation and inconvenience, lost wages, benefits, and earnings, reduction in productive capacity, permanent and serious bodily injuries,

and impairment in her ability to enjoy family and life. (*Id.* at 7 ¶ 19.) Plaintiff also seeks punitive damages. (*Id.*)

Defendants filed a notice of removal on June 10, 2019. (ECF No. 1.) In the Notice of Removal, Defendants invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy exceeding $75,000. Defendants raise three arguments to support their contention that the amount in controversy exceeds the federal jurisdictional minimum. First, in conjunction with the Complaint, Plaintiff served requests for admissions, one of which asked Defendants to admit that the value of this case exceeds $75,000. (ECF No. 1-1 at 38.) Second, Plaintiff offered to settle this matter outside of litigation for the sum of $80,000. (ECF No. 8 at 2.) Third, the serious nature of the damages claimed by Plaintiff in the Complaint for alleged permanent, disabling, and severe injuries support the conclusion that the jurisdictional amount in controversy is exceeded. (*Id.* at 4–5.) Plaintiff filed the present Motion to Remand on June 17, 2019. (ECF No. 3.) Defendants responded to the motion on July 1, 2019, (ECF No. 8), and Plaintiff replied on July 3, 2019, (ECF No. 9). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. As relevant here, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *see Lontz v.*

*Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) ("Since diversity always vests original jurisdiction in the district courts, diversity also generates removal jurisdiction.").

The party seeking removal bears the burden to demonstrate the existence of subject matter jurisdiction. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017); *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003). Any doubts about the propriety of removal must be strictly construed in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

### III. DISCUSSION

The sole dispute between the parties as to this motion is whether the amount in controversy exceeds the jurisdictional minimum of $75,000. Plaintiff does not challenge Defendants' assertion that the parties are completely diverse. (*See* ECF No. 4; ECF No. 8 at 1–2.) Indeed, Plaintiff is a West Virginia resident, and Defendants are citizens of Kentucky. (ECF No. 1-1 at 4 ¶¶ 1–3.)

Generally, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, where as here a plaintiff seeks an unspecified amount of damages, the removing defendant "must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (citing

*Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000," *Judy v. JK Harris & Co.*, No. 2:10–cv–01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted), and must supply evidence regarding the amount at issue. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). "In so doing, he may rely upon the entirety of the facts and circumstances comprising the plaintiff's damages claim." *Judy*, 147 F. Supp. 2d at 489 (citation omitted).

When the amount in controversy is not apparent on the face of a complaint, the Court may consider several factors and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999). In deciding whether Defendants have met the preponderance of the evidence standard, the Court may consider "the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011) (quoting *McCoy*, 174 F. Supp. 2d at 489). The "[C]ourt can also consider as a factor a plaintiff's settlement demands prior to removal." *Melton v. Precision Laser & Instruments, Inc.*, No. 2:12–cv–1697, 2012 WL 6703148, *3 (S.D. W. Va. Dec. 26, 2012)). *See also Scaralto*, 826 F. Supp. 2d at 967 (stating that "[t]he amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands.").

The Court finds that Defendants have met their burden of establishing that the amount in controversy exceeds $75,000. Plaintiff initially offered to settle this case for $80,000. Her demand is over the federal jurisdictional minimum and is representative of an amount to which

4

Plaintiff believes she is entitled to recover. Plaintiff implies that, because this demand was reduced below $75,000 during negotiations, she no longer claims an amount over the jurisdictional minimum. However, Plaintiff does not contend that she seeks less than $75,000 in this case. To the contrary, she argues that she should not be held to these prelitigation demands as they were offered prior to the involvement of counsel. (ECF No. 9 at 3.) Further, she has not submitted a stipulation limiting the amount in controversy below the jurisdictional amount. *See Shumate v. DynCorp Int'l LLC*, No. 5:11–cv–00980, 2012 WL 830241, at *3 (S.D. W. Va. Mar. 9, 2019) (noting that a plaintiff may file a stipulation "to limit the amount in controversy for the purpose of defeating jurisdiction" of the district court).

Plaintiff does not offer any facts to counter Defendants' view of the amount in controversy. Instead, she remains silent as to the value of the case and suggests that her claimed damages remain unknown. Absent a limitation on her potential recovery, the Court assigns great weight of the amount in controversy to Plaintiff's initial demand and refusal to stipulate to damages below the jurisdictional amount, particularly when coupled with Plaintiff's recent submission of a request for admission that her damages exceed $75,000. *See Scaralto*, 826 F. Supp. 2d at 968–69 (holding that "a demand in excess of the jurisdictional minimum should be treated as the amount in controversy, unless the plaintiff shows that to a legal certainty he cannot recover over $75,000."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (noting that "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction"); *Patton v. Wal-Mart Stores, Inc.*, No. Civ. A. 5:05–0655, 2005 WL 2352298, *2 (S.D. W. Va. Sept. 26, 2005) (stating "[c]ourts often consider such refusals a significant factor in denying motions to remand.") (citation omitted).

Moreover, a realistic assessment of Plaintiff's allegations leads the Court to conclude that the amount in controversy exceeds $75,000. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (the court "is not required to leave its common sense behind" when making this determination). In the Complaint, Plaintiff claims compensatory damages for "severe, disabling, and permanent" injuries to her head and body. (ECF No. 1-1 at 5 ¶ 10, 6 ¶ 15.) Plaintiff alleges her injuries have resulted in "severe and prolonged pain, suffering, and discomfort" and have reduced her productive capacity and quality of life. (*Id.* at 6 ¶¶ 15–18.) In addition to "mental anguish, aggravation, and inconvenience," (*id.* at 6 ¶ 15), she claims medical expenses incurred since the incident on December 1, 2015, and into the indefinite future. (*Id.* at 7 ¶ 19.) Plaintiff requests both past and future lost wages, benefits, and earnings resulting from her severe and permanent injuries. (*Id.*) As Plaintiff purportedly was a minor at the time of the incident and is now 19 years old, (*id.* at 5 ¶ 5), Defendants argue, and the Court agrees, that "even a marginal loss in earnings" for an indefinite timeframe would easily exceed the jurisdictional threshold "given her alleged permanent, disabling, and severe injuries." (ECF No. 8 at 5.) Further, Plaintiff's claim for punitive damages, if successful, would significantly augment the amount in controversy. (*Id.* at 6 ¶ 14.)

In light of the serious nature of Plaintiff's allegations, the Court has no difficulty determining a reasonable plaintiff would demand more than $75,000 in this case. *See Evans v. CDX Services, LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (finding the defendants met their burden of proving by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount where plaintiffs claimed "serious bodily injury, tremendous pain and suffering, loss of earning capacity, and loss of ability to enjoy life" in addition to pain

and suffering and future damages) (internal quotations omitted). Accordingly, the Court finds that Defendants have sufficiently carried their burden to demonstrate that jurisdiction exists inasmuch as the amount in controversy exceeds $75,000.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 3.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 5, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE